UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00264-FDW-SCR

| THOMASINA COFIELD GEAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| CHARLOTTE HEALTH AND REHABILITATION CENTER et al, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court *sua sponte* concerning the status of this case. In an Order denying Plaintiff's Motion for Default Judgment, the Court directed Plaintiff to serve Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of entry of the Order. (Doc. No. 6).

On October 3, 2023, Plaintiff submitted the return certified mail card with a Proof of Service affidavit. (Doc. No. 8). The return certified mail card indicates it was sent to an address of "Charlotte Health and Rehabilitation Center, 1735 Toddville Rd Charlotte NC", and was signed by an individual at the address. (Id. at 4). However, the Proof of Service affidavit is devoid of any signature or indication as to who effectuated service. (Id. at 1). Defendant Charlotte Health and Rehabilitation Center has never appeared in this Court.

Under the rules governing service of process, "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003); see also Plant Genetic Systems v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Service of process in this

1

case is controlled by North Carolina law, where this Court is located and where service was attempted to be made on Defendant.

Importantly, Rule 4 unequivocally states that service must be made by a person who is not a party to the lawsuit. See Fed. R. Civ. P. 4(c)(2). Without a signature or name printed on the Proof of Service affidavit, the Court cannot know whether the sender of the summons and complaint to Defendant was a proper person under Rule 4. See, e.g., Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (district court's dismissal was proper when the plaintiff himself attempted serve process through the mail); Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4 (E.D.N.C. Jan. 21, 2014) (noting Rule 4(c)(2) applies when mailing service of process; "only a nonparty can place the summons and complaint in the mail. . . . The rule contains no mailing exception to the nonparty requirement for service." (collecting cases)). Accordingly, dismissal of Plaintiff's Complaint for insufficient process is proper on this ground.

Additionally, Rule 4 requires that service be made within 90 days after the complaint is filed, or within a specified time ordered thereafter. Fed. R. Civ. P. 4(m). Though the deadline for proper service expired on August 2, 2023, the Court permitted additional time in which to properly serve Defendants in light of Plaintiff's *pro se* status. (Doc. No. 6, p. 5). Thus, Plaintiff had until September 23, 2023, to effectuate service. However, Plaintiff did not file any materials attempting to show proof of service with the Court until October 3, 2023. (Doc. No. 8). Accordingly, dismissal of Plaintiff's Complaint for insufficient process is also proper on this ground.

Furthermore, under North Carolina law, service on corporate defendants may be effectuated by sending the summons and complaint by certified mail *addressed* to "the officer, director or agent to be served." N.C. Gen. Stat. § 1A-1; N.C. R. Civ. P. 4(j)(6)(c).

> The proper methods of service on corporations are to either (1) "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to

any other agent authorized by appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. Fed. R. Civ. P. 4(h)(1). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing a copy of the summons and of the complaint to either "an officer, director, or managing agent of the corporation," someone who appears to be in charge of that person's office, or to the person authorized to accept service for the corporation. N.C. R. Civ. P. 4(j)(6).

Brown v. Blue Cross and Blue Shield of North Carolina, 226 F.R.D. 526, 528 (M.D.N.C. 2004); see also Sweeting v. Wells Fargo Bank, 2017 WL 3923978 (2017) (dismissing complaint filed by *pro se* plaintiff for failure to comply with Federal Rules of Civil Procedure and North Carolina Rules of Civil Procedure in serving the defendant).

Here, the record shows Plaintiff failed to designate on the return certified mail card any individual to be served on Defendant's behalf. Summons issued to a corporation without the identification of an officer, director, or managing or authorized agent is defective on its face. Lane v. Winn Dixie Charlotte, Inc., 609 S.E.2d 456, 460 (N.C. Ct. App. 2005) ("A review of the summons demonstrates that plaintiffs failed to designate any person authorized by Rule 4(j)(6) to be served on behalf of the corporate defendant in violation of the clear requirements of the rule. Accordingly, the summons was defective on its face.")). Accordingly, dismissal of Plaintiff's Complaint for insufficient process is also proper on this ground.

Although Plaintiff is proceeding pro se, she is held to the same standards regarding service of process:

> The filing of a lawsuit is a serious event. . . . Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

Shaver v. Cooleemee Volunteer Fire Dep't., No. 1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. Ct. App.

2005); Hoyle v. United Auto Workers Local Union 5285, 444 F.Supp.2d 467, 474 (W.D.N.C. 2006)). The Supreme Court has explained the Rules of Civil Procedure apply to all parties before the Court, including pro se litigants in civil cases:

> Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993) (emphasis added); see also Sweeting, 2017 WL 3923978 *3.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for insufficient service of process. The Clerk is respectfully DIRECTED to CLOSE THIS CASE.

**IT IS SO ORDERED.**

Signed: January 17, 2024

_____
Frank D. Whitney
United States District Judge